UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ERICK L. GRAHAM, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-110 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are Respondent's Motion for Summary Judgment, (D.E. 9), and Petitioner's Motion for Summary Judgment, (D.E. 12). On October 29, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation addressing these motions. (D.E. 13). The Magistrate Judge recommends that Respondent's Motion for Summary Judgment be granted, Petitioner's Motion for Summary Judgment be denied, and Petitioner's claims be dismissed. Petitioner timely filed his Objections on November 15, 2013. (D.E. 15).

In her Memorandum and Recommendation, the Magistrate Judge found that Petitioner's claims failed to state a claim under 28 U.S.C. § 2254. Petitioner's Objections are set out and discussed below.

First, Petitioner objects to the Magistrate Judge's conclusion that the change in his line class status does not create a cognizable liberty interest. The notion of a protected liberty interest in a custodial classification is foreclosed by several Fifth Circuit decisions. *See e.g. Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("[S]peculative,

collateral consequences" associated with the loss of the opportunity to earn good-time credits "do not create constitutionally protected liberty interests."); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) ("Inmates have no protectable . . . liberty interest in custodial classifications."); *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000) ("[T]he timing of [a prisoner's] release is too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status . . ."). While Petitioner recites the prospective consequences of his loss of line class status, he has not lost any time already earned. Under those circumstances, he has not demonstrated a liberty interest that triggers this Court's jurisdiction. Petitioner's first objection is **OVERRULED.**

Second, Petitioner objects to the Magistrate Judge's conclusion that his disciplinary hearing did not violate his constitutional due process rights. Petitioner complains that he was not allowed to produce evidence of his innocence and that the disciplinary proceeding was decided by a single member as opposed to a multi-member panel. In support of his arguments, Petitioner relies on *Wolff v. McDonnell*, 418 U.S. 539 (1974), which articulates the basic due process rights for disciplinary hearings when a prisoner has been deprived of a recognized liberty interest.

"The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty . . . interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). A prisoner who claims that a punishment or other condition of confinement rises to the level of a protected liberty interest must demonstrate that the condition "imposes atypical and

significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  In Texas, prisoners do not have a protected liberty interest in a particular line class status, loss of commissary privileges, or loss of recreation privileges.  *See Luken*, 71 F.3d at 193 (holding that the opportunity to earn good time credits is not a constitutionally protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that commissary and cell restrictions do not implicate due process concerns).

     Petitioner's reliance on *Wolff* is misplaced because *Wolff* only applies when a deprivation of a recognized liberty interest has occurred.  The punishments suffered by Petitioner affecting his line class status, and recreation, phone, and commissary privileges do not rise to the level of a recognized liberty interest because they are not deprivations which differ dramatically from those that are concomitant with the ordinary incidents of prison life.  Because the deprivations Petitioner complains of are not recognized liberty interests, he cannot avail himself of the protections of the due process clause in challenging the outcome of his disciplinary hearing.  Accordingly, Petitioner's second objection is **OVERRULED.**

     Third, Petitioner objects based on the TDCJ's alleged failure to follow its own drug testing procedures.  He argues that when he was unable to produce a sample for urinalysis, proper procedure was not followed and that this failure resulted in a deprivation of his "procedurally protected liberty." (D.E. 15, p. 3).  As the Magistrate Judge observed, "[A] prison official's failure to follow the prison's own policies, procedures, or regulations does not constitute a violation of due process, if constitutional

minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). In other words, the federal courts do not police a state agency's compliance with its own procedures when an alleged failure to comply does not implicate an interest protected by the U.S. Constitution. Because Petitioner has not alleged a violation of a constitutionally protected right, his third objection is **OVERRULED.**

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Respondent's Motion for Summary Judgment (D.E. 9) is **GRANTED**, Petitioner's Motion for Summary Judgment (D.E. 12) is **DENIED**, and this action is **DISMISSED**. In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 6th day of January, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE